PER CURIAM.
This disciplinary proceeding by The Florida Bar against Charles Gilbert Pierce, a *432 member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to article XI, Rule 11.09(1) of the Integration Rule of The Florida Bar has been filed.
Upon consideration of the pleadings and evidence, the referee made findings of fact and recommendations of guilt as to the three counts lodged against respondent by The Florida Bar. The first count involved respondent’s representation of a purchaser of a home. After the client moved into the home prior to closing, agreeing with the seller to make payments on the first mortgage, respondent advised his client to stop making such payments. Consequently, the seller brought an action of eviction against the client for non-payment of rent. The deal then fell through, and the client asked respondent to return a check she had given him six months earlier for $823.05 to cover closing costs and some payments on a second mortgage. Respondent refused to either return the money or show the client the ledger on which the check was recorded. Rather, he informed the client that he intended to keep the sum as payment for legal fees rendered. At a hearing held on respondent’s motion to withdraw as counsel, the client complained of the situation, and upon the court’s urging respondent returned about one-half of the money. He eventually returned the remainder.
The second count involved respondent’s handling of foreclosure proceedings on a home owned by a client. Hired to initiate the proceedings in February 1983, respondent was paid $250. The next month, he advised the client that he had received the title search and that suit would be filed within one week. A few days later, he was paid another $252. Respondent subsequently refused to return numerous calls from his client concerning the foreclosure.
Several months later, in November 1983, the client contacted the courthouse and learned that the papers for foreclosure had been filed that month, but that nothing further had been done. In a letter dated January 1984, respondent indicated that a Motion for Final Judgment and Final Judgment previously submitted were returned with notations that there had been insufficient proof of a diligent search, that an original agreement for a deed was needed, and that the action should be for foreclosure. The foreclosure had not been completed as of July 1984, and the client was eventually compelled to retain other counsel to get the job done.
Finally, the referee found in the third count that respondent had mishandled various trust accounts. The first closed in October 1982 after its remaining balance of $565.57 was garnished by the Internal Revenue Service. $500 of that sum had been held in trust for one of respondent’s clients. The sum was eventually returned to the client in cash. Although some bank reconciliations had been prepared for the account, they did not include all reconciling items. Further, the required quarterly trust account balance reconciliations had not been prepared.
The second account was charged by the bank $2,513.14, its entire balance, for a levy from the IRS. The funds garnished included $2,500 held in trust for a client. In October 1982 the bank assessed a service charge of $4.10, creating an overdraft in this amount. The overdraft was covered the next month. As in the first account, the required quarterly trust accounts balance reconciliation had not been prepared. During 1982, respondent paid a client $115 from this account for the partial return of a fee. This payment caused a $115 shortage in the account. Finally, the referee found several overdrafts and returns for non-sufficient funds in an account which included monies held in trust for the legal costs to be incurred in the representation of respondent’s clients.
Noting particular concern that “[rjespon-dent had notice of this disciplinary proceeding at least at the grievance committee stage and has chosen to ignore his responsibilities in this matter,” the referee found *433 that “[c]learly, nothing less than disbarment is appropriate.” The referee made the following findings as to respondent’s guilt:
AS TO COUNT I
I recommend that the Respondent be found guilty and specifically that he be found guilty of violating the following Integration Rules of The Florida Bar and/or Disciplinary Rules of the Code of Professional Responsibility, to wit:
Respondent has violated 7-101(A)(l) for failing to seek the lawful objectives of his client through reasonable available means permitted by law; 9-102(A) for failure to keep all funds paid to a lawyer or his firm in one or more identifiable bank or savings and loan accounts; 9-102(A)(3) for failing to maintain complete records of all funds ... of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them; 9-102(A)(4) for failing to promptly pay or deliver to the client as requested by the client funds ... in the possession of the client which the client is entitled to receive.
AS TO COUNT II
I recommend that the Respondent be found guilty and specifically that he be found guilty of violating the following Integration Rules of The Florida Bar and/or Disciplinary Rules of the Code of Professional Responsibility, to wit:
Respondent has violated 6-101(A)(3) for neglecting a legal matter entrusted to him; 7-101(A)(l) for failing to seek the lawful objectives of his client through reasonable availáble means, and 7-101(A)(3) for prejudicing or damaging his client during the course of a professional relationship.
AS TO COUNT III
I recommend that the Respondent be found guilty and specifically that he be found guilty of violating the following Integration Rules of The Florida Bar and/or Disciplinary Rules of the Code of Professional Responsibility, to wit:
Respondent has violated Integration Rules 11.02(4) for using trust funds for purposes other than the specific purpose for which they are entrusted to the attorney; Rule 11.02(4)(c) and Bylaw Section 11.02(4)(c), paragraph 3(c) for failing to prepare and/or preserve for six years quarterly trust account balance reconciliations; Rule 11.02(4)(a) and Bylaw Section 11.02(4)(c), paragraph 2(a) for not clearly labelling all trust accounts; and Disciplinary Rule 9-102(A) for commingling trust funds with lawyer’s funds in a regular trust account not labelled as a trust account.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Charles Gilbert Pierce, is hereby disbarred from the practice of law in the State of Florida, without leave to reapply for five years. Such disbarment shall be effective thirty days from the date of this opinion, thereby giving respondent thirty days in which to close out his practice.
Judgment for costs in the amount of $928.35 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARRETT, JJ., concur.